NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

STEVEN EUGENE TRACEY, *Appellant*.

No. 1 CA-CR 17-0776
FILED 5-29-2018

Appeal from the Superior Court in Yavapai County
No. P1300CR201400619
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

Steven Eugene Tracey, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**C A T T A N I**, Judge:

¶1          Steven Eugene Tracey appeals the superior court's restitution order—stemming from a conviction for sexual conduct with a minor—requiring Tracey to pay $6,500 to the Yavapai County Victim Compensation Board.[1]  Tracey's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous.  Tracey was given the opportunity to file a supplemental brief, and did so, but he only raised issues related to the underlying conviction for sexual conduct.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm the superior court's restitution order.

## FACTS AND PROCEDURAL BACKGROUND

¶2          A jury convicted Tracey of six counts relating to misconduct with three different minors, including one count of sexual conduct with minor victim L.N., committed between May and September 1991.  The State filed a notice of L.N.'s accumulated financial loss from attending mental health counseling necessitated by Tracey's crime, and the court set a restitution hearing.  Tracey waived his right to be present for the hearing.

¶3          At the hearing, the State presented testimony from a victim advocate with the Yavapai County Victim Compensation Board and an exhibit supporting the requested restitution amount.  After the close of evidence, the court found that the State proved by a preponderance of the evidence that the Board had paid $6,500 on behalf of L.N., an amount that included $5,000 for L.N.'s counseling and $1,500 for L.N.'s transportation

---

[1]      Tracey separately appealed the criminal convictions underlying the restitution order, and that appeal—1 CA-CR 17-0221—is currently pending before this court.

to and from counseling sessions. The court therefore ordered that Tracey pay to the Board $6,500. Tracey timely appealed the restitution order.

## DISCUSSION

**¶4** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶5** In his supplemental brief, Tracey raises two issues relating to his underlying criminal conviction for sexual conduct with a minor (L.N.), but he does not assert any error related to the restitution order itself. Because neither of Tracey's arguments are relevant to the narrow scope of this appeal—the superior court's restitution order—we do not address them here.

**¶6** Tracey waived his presence for the restitution hearing and was represented by counsel at all stages of the restitution proceedings. The record reflects that the superior court afforded Tracey all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pre-hearing proceedings, and the evidence presented at the restitution hearing was sufficient to support the court's order. Tracey's restitution obligation did not exceed the $5,000 limit for treatment or the $1,500 limit for transportation.

## CONCLUSION

**¶7** The superior court's restitution order is affirmed. After the filing of this decision, defense counsel's obligations pertaining to Tracey's representation in this appeal will end after informing Tracey of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Tracey has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

